IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Randy Simpson, )
 )
        Plaintiff, ) CA No.6:05-1087-HMH-BHH
 )
        vs. ) **OPINION & ORDER**
 )
Greenville Transit Authority and )
McDonald Transit Associates, Inc., )
 )
        Defendants. )

      This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce H. Hendricks, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Randy Simpson ("Simpson") alleges claims for race discrimination pursuant to Title VII of the Civil Rights Act of 1964, and the South Carolina Human Affairs Law, S.C. Code § 1-13-10 et seq., and violations to his rights protected under the United States and South Carolina Constitutions.  Simpson also alleges claims for breach of contract and for wrongful termination, and a claim for public policy violations.  Greenville Transit Authority ("GTA") moves for dismissal pursuant to Rule 41(b) for failure to prosecute.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (West Supp. 2006).

1

In the Report and Recommendation, Magistrate Judge Hendricks recommends denying GTA's motion to dismiss. GTA filed objections. After review and for the reasons below, the court adopts the Report and Recommendation and denies GTA's motion.

On September 21, 2005, GTA served Simpson with interrogatories and requests for production. After several attempts to obtain a response and upon receiving no response, GTA filed a motion to compel on December 6, 2005. On January 3, 2006, Simpson provided responses to GTA's interrogatories and requests for production. However, GTA states that the responses were deficient because no documents were produced, and a number of interrogatory subparts were not answered. In a telephone conference between the parties, Simpson's counsel agreed to respond to these deficiencies by February 10, 2006. However, GTA received no response. The court granted GTA's motion to compel on February 22, 2006, ordering Simpson to respond to the discovery requests within ten days. Again, Simpson failed to respond.

On April 7, 2006, GTA filed a motion for sanctions pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, alleging that it had not received an adequate response to the discovery requests. Magistrate Judge Hendricks granted in part and denied in part GTA's motion for sanctions on April 27, 2006, ordering Simpson "to bring his discovery responses into conformity with the requirements" of the Magistrate Judge's order within ten days of the date of the order. (4/27/06 Order 6.) Simpson filed a motion for an extension of time to amend his discovery responses, which was denied on May 9, 2006. On May 10, 2006, GTA moved to dismiss this case for lack of prosecution for failure to comply with the Magistrate Judge's order of April 27, 2006.

In her Report and Recommendation, Magistrate Judge Hendricks recommends denying GTA's motion to dismiss at this time because "the actions of the plaintiff do not rise to the level of a failure to prosecute nor do they warrant dismissal as a sanction." (Report and Recommendation 2.) GTA filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the report of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

GTA objects that the Magistrate Judge issued the Report and Recommendation prior to the time for filing a reply and that "during the period between the filing of Defendant's motion to Dismiss and the filing of the Magistrate Judge's Report and Recommendation, Plaintiff's counsel filed a Motion for Leave to Withdraw as Counsel." (Objections 2.) The motion for leave to withdraw as counsel states that Simpson "refuses to heed [counsel's] advice and to cooperate in the prosecution of his case including discovery efforts." (Mot. Leave Withdraw 1.) GTA submits that Simpson's former counsel's statement regarding discovery is further evidence that dismissal is appropriate in this case. (Objections 2.) Further, GTA alleges that Simpson has failed to comply with the Magistrate Judge's order to respond to discovery, as Simpson "has only made the documents responsive to Defendant's request available on one occasion. Moreover, Defendant was not notified of such availability until the day after the documents had been made available." (Id. 2-3.)

3

"A dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of the sound public policy of deciding cases on their merits." Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978) (internal quotation marks omitted). The court notes that Simpson has retained new counsel. After review, the court finds that Simpson's actions do not warrant dismissal of his case with prejudice at this time. However, if Simpson continues to defy the court's orders, the court will consider appropriate sanctions, including dismissal with prejudice. After a thorough review of the Report and Recommendation and the record in this matter, the court adopts the Magistrate Judge's recommendation and denies GTA's motion to dismiss.

Therefore, it is

**ORDERED** that GTA's motion to dismiss, docket number 39, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
July 6, 2006